# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROLYN SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-21-1101-F |
| | ) |
| STATE FARM FIRE AND | ) |
| CASUALTY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

The court is in receipt of the Notice of Removal (Notice) filed by defendant State Farm Fire and Casualty Company. Doc. no. 1. The alleged basis for the court's exercise of subject matter jurisdiction is diversity jurisdiction, 28 U.S.C. § 1332. However, the jurisdictional allegations in the Notice are insufficient to establish diversity jurisdiction.[1]

The Notice alleges that plaintiff Carolyn Smith is a "[c]itizen" of Oklahoma, and it is based on the fact that she is a "resident[] of Oklahoma County, State of Oklahoma." Doc. no. 1, ¶ 4. For purposes of § 1332, citizenship and residence are two entirely distinct concepts. A natural person is a citizen of the state in which she is domiciled. Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983). Residence is not the equivalent of citizenship. State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994); Walden v. Broce Const. Co., 357 F.2d 242, 245 (10th Cir. 1966). For any number of reasons, a litigant may be an individual who resides in

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

one place but is domiciled in another place. For adults, domicile is established by physical presence in a place, coupled with an intent to remain there. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). The Notice must allege the state in which plaintiff Carolyn Smith is domiciled rather than the state in which she resides.

Accordingly, defendant State Farm Fire and Casualty Company is **DIRECTED** to file an amended notice of removal, within seven days of the date of this order, which provides the missing jurisdictional information as to plaintiff Carolyn Smith to establish diversity jurisdiction.[2] Defendant may provide the information based upon its information and belief. Failure to comply may result in the remand of the action to state court.

IT IS SO ORDERED this 22nd day of November, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-1101p001.docx

---

[2] Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Court of Appeals, after a case has run its entire course in the District Court, to remand a case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.